IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DONNA HALL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-09-1895 |
| | § | |
| BARBERS HILL ISD, | § | |
| | § | |
| Defendant. | § | |

**ORDER**

The plaintiff, Donna Hall, sued the Barbers Hill ISD. The causes of action she asserts are not specified. She alleges that she was hired to work in the school's Adaptive Behavior Program of the BISD's Special Education Program and that after she protested some of the BISD's approaches, she was reassigned and "harassed in the workplace." She alleges that in her reassigned position, she again opposed certain BISD's practices and was "harassed," "threatened, falsely accused of being unethical, and falsely accused of harboring a fugitive child." The complaint switches from a lawyerly-sounding third person to the first person and alleges that the superintendent told Hall that she was unbalanced and not credible, but did not take similar action or make similar statements as to her husband. Hall was "nonrenewed" at the end of the school year. She filed an EEOC charge and asserts that she received a notice of right to sue, but did not attach her EEOC charge or the right to sue notice.

BISD has moved for a more definite statement. "A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." FED. R. CIV. P. 12(e). The complaint in this case is within "the class of pleadings that are appropriate subjects for a motion

under Rule 12(e)." The complaint is sufficiently intelligible for the court to be able to make out one or more potentially viable legal theories on which the claimant might proceed, but otherwise too unintelligible to enable the defendant to frame a response.

The motion for more definite statement is granted. Hall must replead to provide a more definite statement of her claims, including identifying what causes of action are asserted, the grounds for the court's jurisdiction, and a statement of the claim "showing that she is entitled to relief." Fed. R. Civ. P. 8(a). Hall must replead by **September 30, 2009**. Failure to do so may lead to dismissal of this case.

SIGNED on September 9, 2009, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge